IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JENNIFER REBECCA NICHOLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 7:15-CV-44 |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Jennifer Rebecca Nichols ("Nichols") filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") finding her not disabled and therefore ineligible for disability insurance benefits ("DIB") under the Social Security Act ("Act"). 42 U.S.C. §§ 401–433. Nichols alleges that the Administrative Law Judge ("ALJ") erred by failing to perform a function by function analysis, properly consider Nichols' concentration impairments, properly assess Nichols' credibility, properly evaluate the medical evidence, properly weigh the opinion of Nichols' treating physician assistant, properly consider Nichols' impairments of post laminectomy syndrome and endometriosis, and properly consider whether Nichols met Listing 11.14. I conclude that the ALJ failed to properly account for Nichols' moderate limitation with concentration, persistence and pace, and thus the decision is not supported by substantial evidence. Consequently I **RECOMMEND DENYING** the Commissioner's Motion for Summary Judgment (Dkt. No. 20), **GRANTING IN PART** Nichols' Motion for Summary Judgment (Dkt. No. 15), and reversing and remanding this matter for further administrative consideration consistent with this opinion.

## STANDARD OF REVIEW

This court limits its review to a determination of whether substantial evidence exists to support the Commissioner's conclusion that Nichols failed to demonstrate that she was disabled under the Act.[1] Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citations and alterations omitted). The final decision of the Commissioner will be affirmed where substantial evidence supports the decision. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

## CLAIM HISTORY

Nichols protectively filed for DIB on August 16, 2011, claiming that her disability began on December 31, 2008, due to lumbar spondylosis, major depressive disorder, and anxiety/panic attacks. R. 75. The state agency denied her application at the initial and reconsideration levels of administrative review. R. 74–83, 85–96. On September 6, 2013, ALJ Joseph T. Scruton held a hearing to consider Nichols' disability claim. R. 41–73. Phillip Rich, a non-attorney representative, represented Nichols at the hearing, which included testimony from vocational expert Asheley Wells.[2]

---

[1] The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability under the Act requires showing more than the fact that the claimant suffers from an impairment which affects his ability to perform daily activities or certain forms of work. Rather, a claimant must show that his impairments prevent him from engaging in all forms of substantial gainful employment given his age, education, and work experience. See 42 U.S.C. §§ 423(d)(2), 1382c(a)(3)(B).

[2] Nichols is represented by an attorney on this appeal.

On November 14, 2013, the ALJ entered his decision analyzing Nichols' claim under the familiar five-step process[3] and denying her claim for benefits. R. 24–35. The ALJ found that Nichols was insured at the time of the alleged disability onset and that she suffered from the severe impairments of lumbar spine degenerative disc disease with radiculitis, bursitis of the trochanteric area, major depressive disorder, and panic disorder without agoraphobia. R. 26–27. The ALJ determined that these impairments, either individually or in combination, did not meet or medically equal a listed impairment. R. 27. The ALJ concluded that Nichols retained the residual functional capacity ("RFC") to perform a limited range of sedentary work.[4] R. 29. Specifically, the ALJ found that Nichols must use a cane for ambulation, must be permitted to perform in-place position shifts, may kneel only occasionally, may not climb ladders or scaffolds, and may seldom stoop, crouch, or climb steps. Id. The ALJ further found that Nichols is able to fulfill tasks involving short, simple instructions, but not detailed instructions, and is able to interact adequately with others in the work environment. Id. The ALJ concluded that Nichols could not return to her past relevant work, but that she could perform jobs that exist in significant numbers in the national economy, such as telephone representative, appointment clerk, and assembler. R. 34. Thus, the ALJ concluded that she was not disabled. R. 35. Nichols

---

[3] The five-step process to evaluate a disability claim requires the Commissioner to ask, in sequence, whether the claimant: (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to his past relevant work; and if not, (5) whether he can perform other work. Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (per curiam) (citing 20 C.F.R. § 404.1520); Heckler v. Campbell, 461 U.S. 458, 460–62 (1983). The inquiry ceases if the Commissioner finds the claimant disabled at any step of the process. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four to establish a prima facie case for disability. The burden shifts to the Commissioner at the fifth step to establish that the claimant maintains the residual functional capacity ("RFC"), considering the claimant's age, education, work experience, and impairments, to perform available alternative work in the local and national economies. 42 U.S.C. § 423(d)(2)(A); Taylor v. Weinberger, 512 F.2d 664, 666 (4th Cir. 1975).

[4] An RFC is an assessment, based upon all of the relevant evidence, of what a claimant can still do despite her limitations. 20 C.F.R. § 404.1545. Descriptions and observations of a claimant's limitations by her and by others must be considered along with medical records to assist the Commissioner in deciding to what extent an impairment keeps a claimant from performing particular work activities. Id. The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy. 20 C.F.R. § 404.1567(a).

3

appealed the ALJ's decision and the Appeals Council denied her request for review on January 12, 2015. R. 1–3. This appeal followed.

## **ANALYSIS**

Nichols argues that the ALJ erred by failing to address her moderate difficulties regarding concentration, persistence, or pace in assessing her RFC, and failing to provide a hypothetical question to the vocational expert that addressed those limitations. Nichols suffered from depression and panic disorder during the alleged period of disability, and sought mental health treatment from a psychiatrist, therapist and case manager, complaining of depressed and anxious moods and affect. R. 432–72, 653–83, 971–1002. Nichols was assessed with a Global Assessment of Functioning ("GAF") score of 55 throughout her treatment, which indicates moderate difficulty in social, occupational or school functioning.[5] Diagnostic & Statistical Manual of Mental Disorders 34 (4th ed. Text Rev.2000) (hereinafter "DSM–IV–TR"). During the administrative hearing, Nichols complained of difficulty remembering information, completing tasks, concentrating, and understanding and following instructions. R. 58, 66.

There are no opinions in the record from Nichols' treating mental health providers as to her functional capacity. Two state agency physicians reviewed Nichols' records and determined that she did not have a severe mental impairment. R. 79–80, 91–92. The ALJ gave these opinions little weight, finding that the evidence as a whole indicates that Nichols' depression and panic disorder are severe impairments. R. 33. In step 3 of his decision, the ALJ determined that Nichols has moderate difficulties with concentration, persistence and pace. R. 28. The ALJ noted

---

[5] The Global Assessment of Functioning, or GAF, scale ranges from 0 to 100 and considers psychological, social and occupational functioning on a hypothetical continuum of mental health illness. DSM–IV–TR. A GAF of 41–50 indicates serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job). Id. A GAF of 51–60 indicates moderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) or moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co-workers). Id.

Nichols' complaints of difficulty with remembering information, completing tasks, concentrating and following instructions. Nichols reported losing focus when watching television, using a computer or reading. Id. The ALJ also noted that the record does not contain detailed cognitive testing, and that Nichols' cognition has been "intact" during her mental status evaluations; however, the ALJ concluded that "[a]ffording the claimant every benefit of the doubt," the evidence supported moderate difficulties with concentration, persistence or pace. Id.

In step 4 of the decision, the ALJ reviewed Nichols' mental health treatment and determined that the evidence did not reflect that Nichols' depression and panic disorder limited her ability to perform daily activities or interact with others. However, the ALJ found that Nichols' "mental health treatment records suggest that the claimant frequently demonstrates a depressed and/or anxious mood and affect and the combination of her depression, anxiety, and chronic pain cause problems with her memory and her ability to maintain attention and concentration." R. 32. The ALJ further determined that "any limitations the claimant's [sic] experiences as a result of her severe mental impairments are adequately accommodated by a limitation to performing tasks involving no more than short simple instructions." R. 32. The ALJ did not include Nichols' moderate impairments in concentration, persistence, and pace in his hypothetical question to the vocational expert, but rather included in the hypothetical an individual who is "capable of following short simple instructions, but not detailed instructions throughout an eight hour work day, is able to follow a supervisors directions for tasks, logging short simple instructions…" R. 70.

The ALJ provided no reasoning or explanation for how Nichols' difficulty with concentration, persistence and pace is adequately accommodated by a limitation to work with short simple instructions. The ALJ gave the opinions of the state agency physicians who found

5

no severe mental impairments little weight, but stated simply, "the evidence of record supports the mental limitations incorporated within the residual functional capacity outlined above." R. 33. The ALJ also gave "great weight" to Nichols' GAF scores of 55, which indicate "moderate symptoms or moderate difficulty in social, occupational, or school functioning." R. 33.

In Mascio v. Colvin, the Fourth Circuit held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011)). The Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." Id. Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that without such an explanation, remand was necessary. Id.

Thus, Mascio does not broadly dictate that a claimant's moderate impairment in concentration, persistence, or pace always translates into a limitation in the RFC. 780 F.3d 638. Rather, Mascio underscores the ALJ's duty to adequately review the evidence and explain the decision, especially where, as the ALJ held in Mascio, a claimant's concentration, persistence, or pace limitation does not affect the ability to perform simple, unskilled work. The ALJ's responsibility to highlight the evidence of record that supports his conclusion was further emphasized recently in Monroe v. Colvin, __ F.3d __, No. 15-1098, 2016 WL 3349355 (4th Cir. June 16, 2016) where the court found that the ALJ must provide a sound basis for his ruling,

including discussing what evidence he found credible and specifically apply the law to the record. See Monroe, 2016 WL 3349355, at *10.

Here, the ALJ did not explain how "short simple instructions" accommodates Nichols' moderate difficulty with concentration, persistence and pace, and it is not clear from the record what evidence the ALJ relied upon to reach that conclusion. See Mascio, 2015 WL 1219530, at *5–6. There is no medical evidence cited in the ALJ's decision to support the ALJ's conclusion that, despite her moderate limitation in concentration, persistence, or pace, Nichols is capable of performing the basic mental demands of work with short simple instructions. The ALJ gave "little weight" to the state agency physician opinions finding that Nichols' did not suffer from a severe mental impairment, noted that there were no treating mental health opinions in the record, and relied upon Nichols' mental health examinations with findings of depressed mood and affect and GAF scores of 55. Thus, as in Mascio, this court is "left to guess about how the ALJ arrived at his conclusions." 780 F.3d at 637. Perhaps the ALJ can explain why Nichols' moderate limitations maintaining concentration, persistence, and pace do not require corresponding restrictions in her RFC. His failure to do so in this case, however, is reversible error and requires remand. See id.; White v. Colvin, No. 4:14-CV-00018, 2015 WL 1958885, at *12 (W.D. Va. May 1, 2015). Thus, this matter should be remanded with instructions to the Commissioner to properly account for Nichols' moderate limitation with concentration, persistence and pace, as well as to review the additional arguments raised by Nichols' counsel in this appeal.

## **CONCLUSION**

For the foregoing reasons, it is **RECOMMENDED** that an order be entered **DENYING** the final decision of the Commissioner, **GRANTING IN PART** summary judgment to the plaintiff, and **REVERSING** and **REMANDING** this matter to the Commissioner for further

7

administrative consideration.

The Clerk is directed to transmit the record in this case to Michael F. Urbanski, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by me that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1) as to factual recitations or findings as well as to the conclusion reached by me may be construed by any reviewing court as a waiver of such objection.

Enter: August 2, 2016

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge